J-S88006-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| AUGUSTUS ANTHONY SIMMONS, | |
| Appellant | No. 675 EDA 2016 |

Appeal from the PCRA Order of February 12, 2016
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0005175-2011

BEFORE:  OLSON, RANSOM AND STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:                    **Filed January 17, 2017**

Appellant, Augustus Anthony Simmons, appeals *pro se* from the order entered on February 12, 2016, which dismissed his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

A prior panel of this Court explained the facts and procedural posture underlying Appellant's guilty plea, sentence, and first PCRA petition:

> On March 8, 2012, Appellant entered into a negotiated guilty plea[, wherein Appellant pleaded guilty to a number of charges, including conspiracy to commit murder and conspiracy to commit arson.  That day,] the trial court imposed the agreed-upon sentence of 25 to 50 years' imprisonment.  Appellant filed neither a post[-]sentence motion nor a direct appeal.  Instead, on January 2, 2013, Appellant . . . filed a timely PCRA petition[,] raising claims of plea counsel's ineffectiveness.  Counsel was appointed. On April 22, 2013, PCRA counsel filed a no-merit letter and request to withdraw as counsel[, pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and

*Retired Senior Judge assigned to Superior Court.

> ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super.
> 1988) (*en banc*)]. After reviewing counsel's no-merit letter,
> the PCRA court issued a notice, pursuant to [Pennsylvania
> Rule of Criminal Procedure 907,] of its intent to dismiss
> Appellant's petition without a hearing. . . . On June 18,
> 2014, the PCRA court granted PCRA counsel's petition to
> withdraw[] and dismissed Appellant's PCRA [petition].

***Commonwealth v. Simmons***, 122 A.3d 1129 (Pa. Super. 2015)

(unpublished memorandum) at 1-2 (some internal capitalization omitted),

*appeal denied*, 125 A.3d 1201 (Pa. 2015).

On June 11, 2015, this Court affirmed the dismissal of Appellant's first

PCRA petition and, on October 14, 2015, the Pennsylvania Supreme Court

denied Appellant's petition for allowance of appeal. ***Id.***

On December 14, 2015, Appellant filed the current PCRA petition –

which is Appellant's second petition for post-conviction collateral relief.

Within Appellant's second PCRA petition, Appellant neither acknowledged

that his petition was untimely nor pleaded a statutory exception to the

PCRA's one-year time-bar. **See** Appellant's Second PCRA Petition, 12/14/15,

at 1-15 and "Memorandum of Law to Support Second Petition for Post-

Conviction Relief."

The PCRA court dismissed Appellant's second PCRA petition on

February 12, 2016 and Appellant filed a timely notice of appeal to this Court.

We now affirm the dismissal of Appellant's patently untimely, serial PCRA

petition.

The PCRA contains a jurisdictional time-bar, which is subject to limited

statutory exceptions. This time-bar demands that "any PCRA petition,

- 2 -

including a second or subsequent petition, [] be filed within one year of the date that the petitioner's judgment of sentence becomes final, unless [the] petitioner pleads [and] proves that one of the [three] exceptions to the timeliness requirement . . . is applicable." *Commonwealth v. McKeever*, 947 A.2d 782, 785 (Pa. Super. 2008); 42 Pa.C.S.A. § 9545(b). Further, since the time-bar implicates the subject matter jurisdiction of our courts, we are required to first determine the timeliness of a petition before we are able to consider any of the underlying claims. *Commonwealth v. Yarris*, 731 A.2d 581, 586 (Pa. 1999). Our Supreme Court has explained:

> the PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court is precluded from considering untimely PCRA petitions. *See*, *e.g.*, *Commonwealth v. Murray*, 753 A.2d 201, 203 (Pa. 2000) (stating that "given the fact that the PCRA's timeliness requirements are mandatory and jurisdictional in nature, no court may properly disregard or alter them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner"); *Commonwealth v. Fahy*, 737 A.2d 214, 220 (Pa. 1999) (holding that where a petitioner fails to satisfy the PCRA time requirements, this Court has no jurisdiction to entertain the petition). [The Pennsylvania Supreme Court has] also held that even where the PCRA court does not address the applicability of the PCRA timing mandate, th[e court would] consider the issue *sua sponte*, as it is a threshold question implicating our subject matter jurisdiction and ability to grant the requested relief.

*Commonwealth v. Whitney*, 817 A.2d 473, 475-476 (Pa. 2003).

In the case at bar, since Appellant did not file a direct appeal from his judgment of sentence, his judgment of sentence became final at the end of the day on April 7, 2012, which was 30 days after Appellant was sentenced

in open court and the time for filing a direct appeal to this Court expired. 42 Pa.C.S.A. § 9545(b)(3) ("A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States . . . , or at the expiration of time for seeking the review"); *see also* Pa.R.A.P. 903(a). The PCRA explicitly requires that a petition be filed "within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). Therefore, Appellant had until April 7, 2013 to file a timely PCRA petition. 42 Pa.C.S.A. § 9545(b)(1). As Appellant did not file his current petition until December 14, 2015, the current petition is manifestly untimely and the burden thus fell upon Appellant to plead and prove that one of the enumerated exceptions to the one-year time-bar applied to his case. *See* 42 Pa.C.S.A. § 9545(b)(1); *Commonwealth v. Perrin*, 947 A.2d 1284, 1286 (Pa. Super. 2008) (to properly invoke a statutory exception to the one-year time-bar, the PCRA demands that the petitioner properly plead and prove all required elements of the relied-upon exception).

Appellant did not attempt to plead any exception to the PCRA's one-year time-bar. Thus, Appellant's petition is time-barred and our "courts are without jurisdiction to offer [Appellant] any form of relief." *Commonwealth v. Jackson*, 30 A.3d 516, 523 (Pa. Super. 2011). Therefore, we affirm the PCRA court's order dismissing Appellant's second PCRA petition.

Appellant's "Motion to Stay and Abeyance" denied. Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/17/2017